IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LISA RENTZ JOHNSON, individual; and GEORGE JOHNSON, individual;<br><br>Plaintiffs,<br><br>vs.<br><br>C.R. ENGLAND, INC., a Utah Corporation; and DYLLAN ANDRUS MILLER, an Individual;<br><br>Defendants. | 8:21CV363<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the plaintiffs' motion to exclude the testimony of the defendants' expert, Chris A. Cornett, M.D., related to the speed, impact, energy and severity of the collision in question. Filing No. 83. The plaintiffs, Lisa Rentz Johnson and George Johnson, have brought a personal injury lawsuit involving an accident between two tractor-trailers in a parking lot. Filing No. 98.

## BACKGROUND

Lisa alleges she sustained physical injuries and disability because of the collision, including injuries to her head, neck, back, left arm, and left knee. Filing No. 98 at 4. George is seeking damages for alleged loss of consortium. *Id*.

The defendants retained Dr. Cornett, an orthopedic spine surgeon with Nebraska Medicine, as an expert witness to perform an independent medical evaluation ("IME") of Lisa. Filing No. 84-2 at 4. Dr. Cornett's IME "is based upon review of all available records and imaging as well as [his] personal history and physical examination of Lisa Rentz Johnson." *Id*. "The reviewed information included photographic evidence of the property damage sustained by the two tractor-trailers." Filing No. 87 at 1.

1

The plaintiffs do not move to exclude Dr. Cornett's testimony and opinion in its entirety. Filing No. 83 at 1–2. Instead, they move to exclude certain testimony and opinions found in Dr. Cornett's report, specifically: Dr. Cornett's description of the damage to the two vehicles based on the photographs he reviewed; Dr. Cornett's noting, "The mechanism in this case and the photographs of the vehicles seem mild, and certainly not high energy in my opinion"; and his conclusion that he did "not see any reason, given this mechanism and the prior history, that one could medically state that this injury permanently aggravated or worsened those pre-existing conditions." *Id*. The plaintiffs seek to exclude the testimony and opinions on the grounds that "(1) Dr. Cornett does not possess the requisite knowledge, skill, experience, training, or education to testify about impact, speed and energy of the collision, and (2) there is no methodology identified by Dr. Cornett used to render reliable opinions." *Id*. at 2.

In opposition to the motion, the defendants argue the plaintiffs overemphasize the testimony and opinion from Dr. Cornett's report that they seek to exclude. Filing No. 87 at 5. Dr. Cornett was retained to perform an IME of Lisa, and the evidence he relied upon to form his final impression as to the cause and extent of her injuries included not only the photographs of the property damage to the two tractor-trailers, but Lisa's medical records, imaging, his own examination of Lisa, and her deposition testimony in this matter. Filing No. 84-2 at 4-12. The defendants maintain that if Dr. Cornett had been retained to form an opinion regarding "the severity of impact" of the vehicles, the plaintiffs' grounds to exclude the part of his report referencing "the mechanism" in the case would have more validity; however, Dr. Cornett, an orthopedic spine surgeon specializing in treating trauma patients, was retained to perform an IME, and the photographic evidence was a part of his evaluation that would properly be relied upon to formulate his final impression. Filing No. 87 at 7.

2

**LAW**

Federal Rule of Evidence 702 governs the admissibility of expert testimony and requires that: (1) the evidence must be based on scientific, technical or other specialized knowledge that is useful to the finder of fact in deciding the ultimate issue of fact; (2) the witness must have sufficient expertise to assist the trier of fact; and (3) the evidence must be reliable or trustworthy. *Kudabeck v. Kroger Co.*, 338 F.3d 856, 859 (8th Cir. 2003). When faced with a proffer of expert testimony, trial judges are charged with the "gatekeeping" responsibility of ensuring that all expert evidence admitted is both relevant and reliable. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). The proponent of expert testimony bears the burden to establish admissibility by a preponderance of the evidence. *Lauzon v. Senco Prod., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001).

Testimony is relevant if it is "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *Daubert*, 509 U.S. at 591. Expert testimony assists the trier of fact when it provides information beyond the common knowledge of the trier of fact. *Kudabeck*, 338 F.3d at 860.

To satisfy the reliability requirement, the party offering the expert testimony must show by a preponderance of the evidence "that the methodology underlying [the expert's] conclusions is scientifically valid." *Barrett v. Rhodia, Inc.*, 606 F.3d 975, 980 (8th Cir. 2010) (citations omitted). In making the reliability determination, the court may consider:

> (1) whether the theory or technique can be or has been tested; (2) whether the theory or technique has been subjected to peer review or publication; (3) whether the theory or technique has a known or potential error rate and standards controlling the technique's operations; and (4) whether the theory or technique is generally accepted in the scientific community.

*Russell v. Whirlpool Corp.*, 702 F.3d 450, 456 (8th Cir. 2012). Additional factors to consider include: "whether the expertise was developed for litigation or naturally flowed from the expert's

3

research; whether the proposed expert ruled out other alternative explanations; and whether the proposed expert sufficiently connected the proposed testimony with the facts of the case." *Polski v. Quigley Corp.*, 538 F.3d 836, 839 (8th Cir. 2008) (quoting *Sappington v. Skyjack, Inc.*, 512 F.3d 440, 449 (8th Cir. 2008)).

"This evidentiary inquiry is meant to be flexible and fact specific, and a court should use, adapt, or reject" these factors as the particular case demands. *Russell*, 702 F.3d at 456 (citation omitted). When making the reliability inquiry, the court should focus on "principles and methodology, not on the conclusions that they generate." *Kuhn v. Wyeth, Inc.*, 686 F.3d 618, 625 (8th Cir. 2012). However, "conclusions and methodology are not entirely distinct from one another. Trained experts commonly extrapolate from existing data." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

Only if an expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury must such testimony be excluded. *United States v. Finch*, 630 F.3d 1057, 1062 (8th Cir. 2011). "[D]oubts regarding whether an expert's testimony will be useful should generally be resolved in favor of admissibility." *Sphere Drake Ins. PLC v. Trisko*, 226 F.3d 951, 954 (8th Cir. 2000) (quoting *Clark By & Through Clark v. Heidrick*, 150 F.3d 912, 915 (8th Cir. 1998)).

"[C]ases are legion" in the Eighth Circuit that "call for the liberal admission of expert testimony." *Johnson v. Mead Johnson & Co., LLC*, 754 F.3d 557, 562 (8th Cir. 2014). "As long as the expert's scientific testimony rests upon 'good grounds, based on what is known' it should be tested by the adversary process with competing expert testimony and cross–examination, rather than excluded by the court at the outset." *Id.* (quoting *Daubert*, 509 U.S. at 590). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible

4

evidence." *Daubert*, 509 U.S. at 596; *see also In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.*, 9 F.4th 768, 778 (8th Cir. 2021) (quoting *Daubert*, 509 U.S. at 596). "As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." *Bonner v. ISP Techs., Inc.*, 259 F.3d 924, 929 (8th Cir. 2001) (quoting *Hose v. Chicago Nw. Transp. Co.*, 70 F.3d 968, 976 (8th Cir. 1995)).

## DISCUSSION

The plaintiffs argue Dr. Cornett's opinions related to the severity of the collision must be stricken and excluded from trial because he failed to provide the methodology by which he formed his non-medical opinions. Filing No. 93 at 2. The plaintiffs further argue Dr. Cornett's non-medical opinion/testimony must be excluded because he does not "have the required education, training and experience in physics, engineering, accident reconstruction or biomechanics to use the generally accepted principles and methodology in those scientific fields to render an expert opinion on these issues. Because Dr. Cornett has no education, training and experience in anything other than orthopedics, all of his opinions on speed, impact and energy should be excluded." *Id*.

Dr. Cornett testified during his deposition that he did not see it was "reasonable medically that [Lisa] suffered a significant spine injury or a permanent worsening of a prior condition that ultimately required surgery". Filing No. 84-3 at 6. In support of his conclusion, Dr. Cornett stated:

> I would say that the pictures of the vehicles involved in the accident and the mechanism of the accident was one component of the information – one component of information that I took into my consideration in giving this opinion. It certainly wasn't the basis for everything, but it's a component of it. That, in addition to looking at the prior records, in addition to my exam of her, in addition to personally looking at the MRI that was done about a month after, based on all of those things, I didn't see any evidence of any acute injury structurally, meaning to the spine, the disc, the bone, the ligaments.

5

*Id.*

When Dr. Cornett was asked what qualifications he has "to assess the energy forces related to the impact of the case", he responded, "I would say no qualifications, again, as a physicist or a biomechanical expert but just qualifications as taking Level 1 trauma call for over a decade." Filing No. 84-3 at 7. Dr. Cornett testified that through his experience as a trauma doctor, it is common to have some description of an accident, either through first responders directly or in subsequent reports. *Id.*

The Court is satisfied that Dr. Cornett is sufficiently qualified and reliable to opine on the specific issues relevant to this case. The plaintiffs' criticisms go to the weight, rather than the admissibility of his testimony and opinion regarding the severity of the "mechanism" for Lisa's injuries. It is up to the plaintiffs to examine the underlying factual basis for Dr. Cornett's testimony through cross-examination.

Accordingly, the Court finds that the plaintiffs' motion should be denied. The plaintiffs may still raise challenges to the factual basis and scope of Dr. Cornett's opinions on cross-examination.

IT IS ORDERED that the plaintiffs' motion to exclude, Filing No. 83, is denied, subject to appropriate objections at trial.

Dated this 15th day of July, 2024.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge